| B 104 (Rev. 8/87) **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WASTE MATERIAL, RECYCLING, and GENERAL INDUSTRIAL LOCAL 108, L.I.U. OF N.A., AFL-CIO, on behalf of its members, and LAURA A. YANNOTTA, on behalf of herself and all similarly situated employees. | **DEFENDANTS**<br>EXCEL STORAGE PRODUCTS, L.P., EXCEL CAPITAL PARTNERS, LLC |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Charles A. Ercole, Esquire<br>Gianna M. Karapelou, Esq.<br>Kathryn F. Evans, Esq.<br>Klehr Harrison Harvey Branzburg, LLP<br>1835 Market St., Suite 1400<br>Philadelphia, PA 19103<br>(215) 400-2850 | ATTORNEYS (if known)<br>Patrick W. Carothers<br>Joseph Friedman<br>Thorp Reed & Armstrong, LLP<br>One Oxford Centre<br>301 Grant Street, 14th Floor<br>Pittsburg, PA 15219-1425<br>(412) 394-2555 |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ■ U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Violation of the WARN ACT, 29 U.S.C. § 2101, *et seq.* Cal. Labor Code § 1400, *et seq.*

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☒ 454 To recover Money or Property
☐ 435 To determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a Bankruptcy Court
☐ 498 Other (specify)

| **ORIGIN OF PROCEEDINGS** (Check one box only) | ■ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS ACTION IS A CLASS ACTION F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | NEAREST THOUSAND<br>$2,000,000 | | OTHER RELIEF SOUGHT | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR: **EXCEL STORAGE PRODUCTS, INC** | BANKRUPTCY CASE NO. **10-07862(RNO)** |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>**Middle District of Pennsylvania** | DIVISIONAL OFFICE<br>**Wilkes Barre** | NAME OF JUDGE<br>**Robert N. Opel, II** |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only)  ■ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

| DATE<br>October 5, 2010 | PRINT NAME<br>Charles Ercole | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Charles Ercole* |
|---|---|---|

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>EXCEL STORAGE PRODUCTS, INC<br><br>    Debtor, | Chapter 11 Case<br><br><br>Case No. 10-07862 (RNO) |
| WASTE MATERIAL, RECYCLING, and GENERAL INDUSTRIAL LOCAL 108, L.I.U. OF N.A., AFL-CIO, on behalf of its members, and LAURA A. YANNOTTA, on behalf of herself and all similarly situated employees,<br><br>    Plaintiffs,<br><br>vs.<br><br>EXCEL STORAGE PRODUCTS, L.P.,<br>EXCEL CAPITAL PARTNERS, LLC<br><br>    Defendants. | <br><br><br><br><br><br><br><br>Adversary Proceeding No. 10-_____ |

## ADVERSARY CLASS ACTION COMPLAINT

Waste Material, Recycling, and General Industrial Local 108, L.I.U. of N.A., (the "Union") on behalf of its members, and Laura A. Yannotta, on behalf of herself and all similarly situated former employees of Defendants Excel Storage Products, L.P. and Excel Capital Partners, LLC, by and through their undersigned counsel, bring this Adversary Complaint and allege as follows:

## NATURE OF ACTION

1. Waste Material, Recycling, and General Industrial Local 108, L.I.U. of N.A., AFL-CIO ("Local 108") and its members, along with Laura A. Yannotta ("Yannotta") and all other similarly situated members of the class she seeks to represent (collectively "Plaintiffs"), were employees of Defendants Excel Storage Products, L.P. ("Excel Storage") and Excel Capital Partners,

LLC ("Excel Capital") (collectively "Excel" or "Defendants"), who were terminated without cause as part of, or as a result of, plant shutdowns and/or mass layoffs by and at Excel's facilities. Excel violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act") and the California Labor Code §1400 et seq. (the "California WARN Act") (referred to herein collectively as the "WARN Acts") by failing to give the Plaintiffs and other persons similarly situated employees, who are members of the Class the Plaintiffs seek to represent, at least 60 days prior notice of termination of their employment as required by the WARN Acts. As a consequence, the Plaintiffs, and other similarly situated former employees, are entitled to recover from Excel, under the WARN Acts, their wages and other employee benefits for 60 working days following the termination of their employment, which wages and benefits have not been paid.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

5. Plaintiff's Union is a labor organization entitled to bring this action on behalf of 125 members who were affected employees under the WARN Acts as a result of Excel's shutdown on September 17, 2010.

6. Plaintiff Yannotta is an affected employee under the WARN Act as a result of Excel's shutdown on September 17, 2010.

## PARTIES

7. The Plaintiffs and all other similarly situated members of the proposed class they seek to represent, had been employed by Defendants, until their termination on various dates beginning on or about September 17, 2010.[1]

8. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Acts, 29 U.S.C. § 2104(a)(5) and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated.

9. The Debtor-Defendant, Excel Storage, is a Pennsylvania limited partnership upon which an involuntary bankruptcy petition was filed on or about September 27, 2010 (the "Petition Date") under Title 11 of the United States Code (the "Bankruptcy Code").

10. Defendant Excel Storage is a Pennsylvania limited partnership with its principal place of business located at 830 Crowe Road, East Stroudsburg, PA 18301.

11. Defendant Excel Capital is a general partner of Excel Storage Products, L.P. and as such, it is jointly liable with Excel Storage for any violations of the WARN Acts.

12. Defendants at all times relevant hereto acted as an alter ego/single employer and are jointly liable for any violations of the WARN Acts.

## FACTUAL ALLEGATIONS

13. Defendants employed in excess of 400 employees at facilities throughout the United States, including but not limited to: East Stroudsburg, Pennsylvania; Cadiz, Ohio; and, Lodi, California.[2]

14. On or about September 17, 2010, Defendants met with employees and advised them that the plant was closing, effective that same day.

---

[1] The undersigned counsel has presently been directly retained by Local 108 for all of its members, as well as numerous non-union employees, in addition to Ms. Yannotta. These names can be provided at the court's request.
[2] A shutdown also occurred in Brookings, South Dakota. Plaintiffs understand a majority of those employees were laid off in late July without notice. It is likely those employees, as well as the remaining few employees laid off on September 17 are also eligible for WARN Act damages.

PHIL1 1241940-1

Case 5:10-bk-07862-RNO    Doc 28    Filed 10/05/10    Entered 10/05/10 17:28:10    Desc
Main Document    Page 4 of 13

15. Defendants gave no prior notice of the September 17, 2010 shutdown and failed to provide any notice to Plaintiffs or any employee until at least September 20, 2010. Such notice fails to comply with the WARN Acts.

16. Defendants knew or should have known at least 60 days prior to the September 17, 2010 lay-offs that it was likely that Defendants would be required to shutdown or have significant mass lay-offs because of the economic climate and business trends.

17. Defendants willfully, negligently or recklessly failed to give adequate notice of the potential shutdown/layoffs as required by the WARN Acts.

## CLASS ALLEGATIONS

18. Plaintiffs on behalf of themselves and members of the Class, repeat and re-allege the allegations of the preceding paragraphs as though fully restated herein.

A. **DEFINITION OF THE CLASS**

19. Plaintiffs and the other similarly situated former employees constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class members").

20. The Class is defined as all of those employees who were employed by the Excel (in facilities with greater than 50 employees), and who became "affected employees" because they suffered "employment losses" as a direct and proximate result of the plant closing and/or mass layoffs in September of 2010 or thereafter, and to whom Excel failed to provide notice in compliance with the WARN Acts.

B. **NUMEROSITY**

21. The Class is so numerous as to render joinder of all members impracticable as there are over 400 former employees believed to be in the Class. The identities of a majority of the Class members are presently unknown but are ascertainable through appropriate discovery.

C. **EXISTENCE AND PREDOMINANCE OF COMMON ISSUES**

22. Common questions of law and fact are applicable to all members of the Class.

23. The common questions of law and fact arise from and concern the following facts and actions:

    a. all Class members enjoyed the protection of the WARN Acts;

    b. all Class members were employees of the Excel;

    c. Excel terminated the employment of all the members of the Class;

    d. Excel terminated the employment of the members of the Class without providing at least 60 days' prior written notice as required by the WARN Acts; and

    e. Excel failed to pay wages to the Class members and failed to provide other employee benefits for the 60 working day period following the respective terminations of their employment.

24. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this class action is superior to other available methods for the fair and efficient adjudication of this controversy.

D. **TYPICALITY**

25. Plaintiffs' claims are typical of the claims of other members of the Class. All such claims arise out of Defendants' failure to provide notice under the WARN Acts and its failure to timely disclose to employees that they would be laid off as a result of the plant closing and/or mass

PHIL1 1241940-1

Case 5:10-bk-07862-RNO    Doc 28    Filed 10/05/10    Entered 10/05/10 17:28:10    Desc
Main Document    Page 6 of 13

layoffs. Plaintiffs and other Class members have suffered a common injury arising out of Defendants' common course of conduct as alleged herein.

E. **ADEQUATE REPRESENTATION**

26. Plaintiffs will fairly and adequately protect and represent the interests of the Class and have no interest antagonistic to or in conflict with those of other Class members.

27. Plaintiffs have the time and resources to prosecute this action and have retained qualified counsel who have had extensive experience in matters involving employee rights, the WARN Acts, and federal court litigation. Plaintiffs intend to prosecute this action vigorously for the benefit of the class.

F. **SUPERIORITY**

28. A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all members of the Class is impractical. Furthermore, damages suffered by members of the Class may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the Class to obtain relief. The interests of judicial economy favor adjudicating the claims of the Class on a class-wide basis rather than an individual basis.

G. **RISKS OF INCONSISTENT OR VARYING ADJUDICATION**

29. Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members. Separate actions by individual members of the Class would create a risk that adjudication of disputed issues of law or fact as to some of the former bargaining unit or non-bargaining unit employees would be binding upon other Class members not party to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

PHIL1 1241940-1

Case 5:10-bk-07862-RNO   Doc 28   Filed 10/05/10   Entered 10/05/10 17:28:10   Desc
Main Document   Page 7 of 13

30. Pursuant to Fed. R. Civ. P. 23(a), the Class meets all the requirements for class certification.

31. Class certification is also authorized by the WARN Acts under 29 U.S.C. § 2104 (a)(5) and Federal Rule of Civil Procedure 23(b)(3).

## FIRST CLAIM

### (WARN Act Claim Against Defendants)

32. The Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein. Plaintiffs bring this action pursuant to 29 U.S.C. § 2104(a)(5).

33. At all relevant times, Excel had more than 100 full-time employees within the United States.

34. At all relevant times, Excel employed more than 100 employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

35. At all times relevant, Excel was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a).

36. On or about September 17, 2010 and thereafter, Excel effected one or more "plant closings" or "mass layoffs," as those terms are defined by 29 U.S.C. § 2101(a)(2) and (3).

37. The complete shutdown of the offices as "facilities or operating units" constitutes a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2), making all persons "affected employees" as a direct and proximate result of the failure to give notice as required under the WARN Act.

38. Alternatively, layoffs resulted in an employment loss of: more than 1/3 of the Excel's employees, at pertinent "single sites of employment," and as such constituted "mass layoffs"

-7-

PHIL1 1241940-1

Case 5:10-bk-07862-RNO    Doc 28    Filed 10/05/10    Entered 10/05/10 17:28:10    Desc
Main Document    Page 8 of 13

within the meaning of 29 U.S.C. § 2101(a)(3) in that at least 33% of the total employees (excluding any part-time employees) and at least 50 employees (again excluding any part-time employees) experienced an "employment loss" at single sites of employment; or at least 500 employees (company-wide).

39. Plaintiffs and other similarly situated employees were longtime employees of Excel.

40. Plaintiffs and other similarly situated employees were laid off on or about September 17, 2010 and thereafter without cause on their part as part or as the reasonably foreseeable consequence of a plant closing and/or mass layoffs ordered by Excel and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

41. The plant closings and/or mass layoffs resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(6), at one or more single sites of employment. Excel failed to give written notice of the plant closing and/or mass layoffs to the "affected employees" prior to the actual date of the closings and/or layoffs.

42. The WARN Act required that Excel give Plaintiffs and other similarly situated employees at least 60 days prior written notice of termination of employment.

43. Prior to the termination of employment, the named Plaintiffs and other similarly situated employees did not receive written notice from Excel that complied with the requirements of the WARN Act.

44. Excel failed to pay Plaintiffs and other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following the respective terminations of their employment.

45. Excel also failed to make pension and 401(k) contributions as required, and failed to provide health insurance coverage and other employee benefits under ERISA to the Plaintiffs and

-8-
PHIL1 1241940-1

Case 5:10-bk-07862-RNO    Doc 28    Filed 10/05/10    Entered 10/05/10 17:28:10    Desc
Main Document    Page 9 of 13

other similarly situated employees for 60 calendar days from and after the dates of the respective terminations of their employment.

46. Excel's failure to provide Plaintiffs and other similarly situated employees with at least sixty (60) days prior written notice of the termination of employment was a violation of federal law, the WARN Act. The WARN Act specifically provides employers that violate the WARN Act are liable for "back pay" for each day of violation. 11 U.S.C. § 2104(a)(i)(A).

47. Because of Excel's failure under the WARN Act, Plaintiffs and other similarly situated employees are entitled to payment for their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for "the period for the violation, up to a maximum of sixty (60) days." 11 U.S.C. § 2104(a)(1).

48. As a result of Excel's violation of the WARN Act, Plaintiffs and other similarly situated employees have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(K) contributions for 60 working days; (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of 60 working days after the date of their termination; (c) the medical expenses incurred during such period by them that would have been covered and paid under the Excel's employee benefit plans had that coverage continued for that period; and (d) interest for the time value of the lost wages and benefits.

49. Pursuant to 11 U.S.C. § 507(a)(4) and (5), each of the Plaintiffs and other similarly situated employees are entitled to a priority unsecured claim against Excel to the first $11,725 of his or her WARN Act claim. The balance of each of the Plaintiffs and other similarly situated employees' WARN Act claim is entitled to treatment as a general unsecured claim, or any higher priority amount as may be allowed.

-9-

PHIL1 1241940-1

Case 5:10-bk-07862-RNO    Doc 28    Filed 10/05/10    Entered 10/05/10 17:28:10    Desc
Main Document    Page 10 of 13

## SECOND CLAIM

### (California WARN Act Claim Against Defendants)

50. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

51. Plaintiffs and other similarly situated employees who worked at Defendants' Lodi, California facility San Jose, California Facility, and other "covered establishments", are former "employees," of Defendants as defined in Labor Code § 1400(h).

52. Plaintiffs and other similarly situated employees were terminated on or about September 17, 2010 as a result of a "mass layoff," "relocation," or "termination" as those terms are defined by Labor Code § 1400.

53. At all relevant times, the Defendants, as a single employer, employed more than 75 employees during the prior twelve months, and are therefore an "employer" under the California WARN Act as defined in Labor Code § 1400(b).

54. Defendants failed to provide Plaintiffs and other similarly situated employees with proper notice required by Labor Code § 1401.

55. Defendants violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

56. As a result of Defendants' violation of Labor Code § 1401, Plaintiffs and the other similarly situated employees are entitled to damages under Labor Code § 1402(a) in an amount to be determined.

PHIL1 1241940-1

Case 5:10-bk-07862-RNO    Doc 28    Filed 10/05/10    Entered 10/05/10 17:28:10    Desc
Main Document    Page 11 of 13

57. As a result of Defendants' violation of Labor Code § 1401, Plaintiffs and the other similarly situated employees are entitled to civil penalties, calculated at a rate of $500 per day for each day of the violation, under Labor Code § 1403.

58. Defendants failed to pay Plaintiffs and the other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following the respective terminations of their employment.

59. Defendants also failed to make the pension and 401(k) contributions and to provide health insurance coverage and other employee benefits under Employee Retirement Income Security Act ("ERISA") to Plaintiffs and the other similarly situated employees for 60 days from and after the dates of the respective terminations of their employment.

60. As a result of Defendants' violation of the California WARN Act, Plaintiffs and the other similarly situated employees have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(k) contributions for 60 working days; (b) the health and medical insurance and other fringe benefits under ERISA that they would have received or had the benefit of receiving, for a period of 60 working days after the dates of the respective terminations of their employment; (c) the medical expenses incurred during such period by such persons that would have been covered and paid under the Defendants' employee benefit plans had that coverage continued for that period; and (d) interest for the time value of the lost wages and benefits.

61. Plaintiffs have incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Labor Code § 1404.

WHEREFORE, Plaintiffs request the following relief:

A. Certification that Plaintiffs, and all other similarly situated employees constitute a single class and that the undersigned counsel be appointed as lead Class Counsel;

B. Damages in favor of Plaintiffs, and all other similarly situated employees, equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and pension and 401(k) contributions for 60 working days; (b) the benefit of health and medical insurance and other fringe benefits under ERISA for 60 working days; (c) any medical or other expenses incurred during the 60 working days since the respective terminations of their employment that would have been covered and paid under the Defendants' employee benefit plans had that coverage continued for that period; interest for the time value of the lost wages and benefits, all determined in accordance with the WARN Acts;

C. Interest as allowed by law on the amounts owed under the preceding paragraphs;

D. Reasonable attorneys' fees and the costs and disbursements incurred in prosecuting this action, as authorized by the WARN Acts, and;

E. Such other and further relief as this Court may deem just and proper.

By: /s/ Charles A. Ercole
Charles A. Ercole, Esquire (PA I.D. #69192)
Gianna M. Karapelou, Esq. (PA I.D. #80894)
Kathryn F. Evans, Esq. (PA I.D. # 208529)
Klehr Harrison Harvey Branzburg, LLP
1835 Market St., Suite 1400
Philadelphia, PA 19103
Counsel for the WARN Act Claimants