UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: EXCEL STORAGE PRODUCTS, LP,<br>　　　　　Debtor | Chapter 7<br>Case No. 5-10-07862 |

| | |
|---|---|
| **WILLIAM G. SCHWAB, Trustee for the**<br>**the Estate of Excel Storage Products, LP,**<br>　　　　　Movant,<br>　　vs.<br>**INTERNAL REVENUE SERVICE,**<br>**PA DEPARTMENT OF REVENUE,**<br>**PA DEPARTMENT OF LABOR & INDUSTRY,**<br>**CALIFORNIA FRANCHISE TAX BOARD,**<br>**DEL PASO PIPE & STEEL, INC., and**<br>**HUNTINGTON NATIONAL BANK,**<br>　　　　　Respondents. | Nature of Proceeding:<br>11 U.S.C. § 363<br>With Lien(s) Attaching<br>To Sales Proceeds |

### MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363

AND NOW COMES, WILLIAM G. SCHWAB, ESQUIRE, Trustee in bankruptcy in the above-captioned Chapter 7 proceeding, by and through his counsel, William G. Schwab & Associates, and moves this Honorable Court for an Order authorizing the Trustee to sell property of the estate free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363, respectfully stating in support thereof:

1. Movant, WILLIAM G. SCHWAB, ESQUIRE, is the duly appointed, qualified and acting Trustee in bankruptcy in the above-captioned proceeding, having his place of business at 811 Blakeslee Boulevard Drive East, Lehighton, Pennsylvania 18235.

2. This Court has jurisdiction of the matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

3. On the date the petition was filed there existed personal property of the estate located at Lodi, California, East Stroudsburg, Pennsylvania, Cadiz, Ohio, and

1

Brookings, South Dakota, which the Debtor has an interest in.

4. The Trustee wishes to sell all rights, title, and interest, if any, in and to assets of the bankruptcy estate located at Lodi, California, East Stroudsburg, Pennsylvania, Cadiz, Ohio, and Brookings, South Dakota to **JBCO, LCC,** for the sum of Five Million ($5,000,000.00) Dollars. A copy of the offer to purchase is attached as Exhibit "A."

5. The above offer is known as a stalking horse bid, which is subject to higher and better offers. The marketing of additional bids will be undertaken by West Auctions, Inc., per the attached marketing proposal marked as Exhibit "B."

6. **This sale is subject to any higher and better offers received up to 4:00 p.m. EST the day of January 19, 2011.** At such time before any and all subsequent bids are made, a deposit of $25,000.00 for each location bid must be made to the Trustee's account or West Auctions, Inc.'s account by Noon EST on January 19, 2011. All those who make such a deposit shall be provided a phone number and bidder number for a conference call with the Trustee at 3 p.m. on January 19, 2011, at which time finalized bids will be accepted. The auction shall be conducted by the Trustee telephonically. Any and all bids must be allocated among the four (4) locations at Lodi, California, East Stroudsburg, Pennsylvania, Cadiz, Ohio, and/or Brookings, South Dakota. Bidders may bid for one location or for multiple locations or all locations in a bulk bid as set forth in the attached bid sheet. Any and all bids, including any bulk bids, must allocate among the four (4) asset locations. After all separate location bids are received, the Trustee will offer a bulk bid for the entire assets. The Trustee will then accept bids for all and/or part of the four (4) locations that will maximize recovery for the estate. Upon approval of the Trustee of a bulk bid on the Debtor's entire assets located at all four (4) locations, the purchaser shall wire the Trustee the balance of the purchase price to be held in the Trustee's escrow account pending Court approval of the sale. Said bids shall be made pursuant to the Bid Sheet attached as Exhibit "C."

7. The successful purchaser will have one hundred twenty (120) days to remove the purchased assets or the Trustee shall assign the lease at the successful bidder's request. An Asset Purchase Agreement, a sample of which is attached as Exhibit "D", must be signed and received by the Trustee by January 20, 2011 at 11 a.m. EST or the

second highest bidder may purchase the property under the same terms and conditions. The Asset Purchase Agreement may be modified in the sole discretion of the Trustee to accommodate separate sales for one or more locations to effectuate said sale(s) with balance of deposit received. A proposed order is attached with this Motion but may be subject to change depending on the purchaser(s) of the Debtor's assets and will be modified as necessary to effectuate the transfer of the Debtor's assets to the successful bidder(s).

8. The description of the property being sold may be obtained through the PACER website for the United States Bankruptcy Court for the Middle District of Pennsylvania, docket number 5:10-bk-07862-RNO at Docket Entry # 110 as set forth in Schedule B and its attached Exhibits, or may also be obtained through West Auctions, Inc.'s website.

9. The property to be sold is identified as set forth in Schedule B and its Exhibits found in the Debtor's bankruptcy Schedules (Docket Entry # 110), including but not limited to the inventory and equipment belonging to the estate, which is located at the bankruptcy estate's four (4) locations at Lodi, California, East Stroudsburg, Pennsylvania, Cadiz, Ohio, and Brookings, South Dakota. There is no guarantee of completeness of the scheduled assets by the Trustee and the personal property is being sold "as is," as inspected and was found by the Bidder.

10. Prospective purchasers may inspect and examine the property to be sold upon scheduling an appointment with the Trustee's office to view such property at either of the four (4) locations at Lodi, California, East Stroudsburg, Pennsylvania, Cadiz, Ohio, and/or Brookings, South Dakota.

11. The assets shall be marketed by West Auctions, Inc., as set forth in the attached marketing proposal, as set forth in Exhibit "B."

12. The Respondents named in the above caption may have a lien(s) on the property.

13. This Motion to Sell Personal Property Free and Clear of Liens and Encumbrances has been filed by the Trustee because the offer approximates the fair market value as an initial bid and it is believed will result in some benefit to the unsecured

creditors by maximizing future bids for such property to be sold.

14. There is a bona fide dispute between Huntington National Bank and the Trustee as to whether it has a security interest in any or part of the Debtor's assets being sold with this sale, as is evidenced by the Trustee's adversary complaint against Huntington National Bank which is indexed to adversary proceeding number 5:10-ap-00456. Such interests of Huntington National Bank are in a bona fide dispute pursuant to 11 U.S.C. § 363(f). Alternatively, Huntington National Bank could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest it may have pursuant to 11 U.S.C. § 363(f)(5). Huntington National Bank's security interest, if any, will be adequately protected by the sale proceeds.

15. The Trustee further requests the Court to allow distribution of the proceeds from the sale of the aforementioned property of the estate at settlement, pursuant to the priority of the United States Bankruptcy Court as follows:

   a. Any out-of-pocket expenses advanced by WILLIAM G. SCHWAB, ESQUIRE, in connection with the sale of the aforementioned property, and which have not been reimbursed at the time of settlement;
   b. Auctioneer's commission and expenses, plus marketing costs in the amount of $18,500.00, and out-of-pocket costs to West Auctions, Inc.;
   c. Any notarization and/or incidental recording fees associated with the sale of the above property;
   d. Any transfer tax which is the responsibility of the seller herein;
   e. Any unpaid taxes and other municipal claims/liens arising from property;
   f. The payment of administrative fees to the landlords for post-petition rent and for post-petition utility expenses;
   g. The balance of the proceeds from said sale shall be held in the Trustee's escrow account until further Order of Court; and
   h. Any and all valid unpaid liens shall attach to the proceeds.

16. The Trustee requests the Court to direct that objections to said sale shall be filed 21 days after this motion is filed by which responses, if any, objecting to the sale of

the personal property free and clear of liens and encumbrances may be filed, and to grant the requested relief, to wit, to hold the sale of the aforementioned personal property free and clear of any liens and encumbrances between the estate and JBCO, LLC, or its assigns or with any such higher bidder(s).

17. Confirmation of this sale or any higher and better bids and any objections to this Motion shall be considered by the Court on January 21, 2011 at 9:30 a.m EST.

WHEREFORE, Trustee prays your Honorable Court to issue a notice to creditors indicating on such the final date for filing answers or objections to the within Motion, and following the time set for answers or objections, to enter an Order granting relief to sell the aforementioned property free and clear of all liens and encumbrances and to allow the Trustee to execute all papers and documents necessary to transfer said property to the successful purchaser and to effectuate said sale.

Respectfully submitted,

**WILLIAM G. SCHWAB & ASSOCIATES:**

By: /s/Adam R. Weaver
**ADAM R. WEAVER, ESQUIRE**
Attorneys for Trustee
Attorney ID #208766
811 Blakeslee Blvd. Drive East
PO Box 56, Lehighton, PA 18235
(610) 377-5200, (610) 377-5209 (FAX)