# ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement") is made and entered into this ___ day of _____, 2011 by and between _____ ("Purchaser"), and William G. Schwab, Esquire, in his capacity as Chapter 7 Trustee of the estate of Excel Storage Products, L.P., a Pennsylvania limited partnership.

## BACKGROUND:

A. On or about September 27, 2010, Recycling and General Industrial Union Local 108 Welfare Fund, Recycling and General Industrial Local 108 Annuity Fund, and Waste Material, Recycling and General Industrial Local Union 108 (collectively, the "Petitioning Creditors") filed an involuntary petition against Excel Storage Products, L.P. (the "Debtor") under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Pennsylvania (the Bankruptcy Court") at case number 10-07862- RNO. On or about October 1, 2010, the Debtor filed a voluntary Chapter 7 proceeding in the Bankruptcy Court at case number 10-08141. On October 1, 2010, William G. Schwab, Esquire was appointed the Chapter 7 Trustee for the case pending at 10-08141 (the "Trustee"). On October 5, 2010, after stipulation by the Trustee, the Debtor and the Petitioning Creditors, the Bankruptcy Court ordered the consolidated Debtor's bankruptcy cases to proceed under Chapter 7 at case number 10-07862-RNO, and the Trustee was appointed as the Chapter 7 Trustee for the consolidated case.

B. The Trustee desires to sell, and Purchaser desires to purchase, substantially all of the assets of the Debtor located in: East Stroudsburg, Pennsylvania; Cadiz, Ohio; Brookings, South Dakota; and Lodi, California, all on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth in this Agreement and intending to be legally bound, the parties agree as follows:

1. **Assets to be Sold.** Upon the terms and subject to the conditions set forth in this Agreement and except as set forth in Section 2 of this Agreement, at the Closing (as defined in Section 5 of this Agreement), on behalf of the Debtor, the Trustee shall sell, assign, transfer, convey and deliver to Purchaser, and Purchaser shall purchase, acquire and accept from the Debtor and the Trustee, all of Debtor's right, title and interest in and to all of the properties, assets and property rights (collectively, the "Purchased Assets"), tangible or intangible, used in or useful to the operation of the business conducted by the Debtor in East Stroudsburg, Pennsylvania, Cadiz, Ohio, Brookings, South Dakota, and Lodi, California (the "Pennsylvania, Ohio, South Daktota and California Operations"), including but not limited to:

(a) all equipment and accessories, including, but not limited to, those identified on Schedule 1(a) to this Agreement (the "Personal Property");

(b) all inventory, finished goods, work in process, spare parts and raw materials;

{B0315700.2}

Case 5:10-bk-07862-RNO    Doc 166-4    Filed 12/17/10    Entered 12/17/10 16:24:20
Desc Exhibit D- Asset Purchase Agreement    Page 1 of 12

(c) to the extent transferable, and subject to any required consents, all permits, licenses, approvals, authorizations, consents, exemptions, waivers and variances granted by any government or governmental or regulatory body, political subdivision, or any agency or instrumentality thereof, or any court that has, in each case, jurisdiction over the Pennsylvania, Ohio and California Operations; and

(d) except as provided in Section 2(b) below, all records and files relating to the Purchased Assets, including, but not limited to, inventory records, sales records, cost and pricing information, supplier lists and reference catalogs.

2. **Excluded Assets.** The Purchased Assets shall exclude the following (the "Excluded Assets"):

(a) cash (including money in bank accounts) and cash equivalents;

(b) all books of account, accounting records and employee files;

(c) all accounts receivable and prepaid expenses;

(d) any insurance policies relating to the Purchased Assets or the Pennsylvania, Ohio, South Dakota and California; and

(e) Debtor's leases and other contracts, including, without limitation, the lease between the Debtor and the landlords for the real property upon which the Pennsylvania, Ohio, South Dakota and California Operations are conducted.

3. **Excluded Liabilities.** The Purchaser shall not assume any debt, liability, obligation or commitment of the Debtor. Without limiting the generality of the foregoing, the Purchaser shall not assume any obligation or commitment of the Debtor under any collective bargaining agreement to which Debtor is a party, including, without limitation, the Collective Bargaining Agreement between the Debtor and Local 108, Waste Material Recycling and General Industries, L.I.U.N.A. dated December 17, 2008 but effective January 1, 2008.

4. **Purchase Price.**

(a) <u>Purchase Price</u>. The consideration to be paid by the Purchaser to the Trustee for the Purchased Assets under this Agreement shall consist of [_____] Dollars ($_____) in cash or other immediately available funds (the "Cash Consideration").

(b) <u>The Deposit</u>. The parties hereby acknowledge that, prior to the execution and delivery of this Agreement, the Purchaser delivered to the Trustee the sum of _____ Dollars ($_____) (the "Deposit") as a down payment of the Cash Consideration. The Trustee has held the Deposit in a segregated account.

{B0315700.2}  -2-

Case 5:10-bk-07862-RNO    Doc 166-4    Filed 12/17/10    Entered 12/17/10 16:24:20    Desc Exhibit D- Asset Purchase Agreement    Page 2 of 12

**5. Closing; Post-Closing Access.**

(a) <u>Closing</u>.  The consummation of the transactions (the "Transactions") contemplated to occur pursuant to this Agreement (the "Closing") shall take place at the offices of the Trustee, or at such other place mutually acceptable to the Trustee and Purchaser, as promptly as practicable after the conditions set forth in Sections 9, 10 and 11 shall have been satisfied or waived (except in the case of the condition set forth in Section 11(a) which cannot be waived), or at such other place and at such other time and date as may be mutually agreed upon in writing by the Purchaser and the Trustee.  The date on which the Closing takes place is referred to as the "Closing Date."

(b) <u>Closing Proceedings</u>.  All proceedings to be taken and all documents to be executed and delivered by the Debtor or the Trustee in connection with the consummation of the transaction contemplated to occur pursuant to this Agreement (the "Sale") shall be reasonably satisfactory in form and substance to the Purchaser and its counsel.  All proceedings to be taken and all documents to be executed and delivered by the Purchaser in connection with the consummation of the Sale shall be reasonably satisfactory in form and substance to the Trustee and its counsel.  All proceedings to be taken and all documents to be executed and delivered by all parties at the Closing shall be deemed to have been taken and executed simultaneously, and no proceedings shall be deemed taken nor any documents executed or delivered until all shall have been taken, executed and delivered.

(c) <u>Risk of Loss.</u>  Risk of loss with respect to the Purchased Assets shall remain with Trustee until the Closing.

(d) <u>Possession.</u>  Possession of the Purchased Assets shall be delivered to Purchaser at the Closing.

(e) <u>Access</u>.  The Purchaser shall have access to the property upon which the Pennsylvania, Ohio and California Operations are conducted (the "Premises") for a period not to exceed sixty (60) days following the Closing Date, for the purpose of removing the Purchased Assets and/or to allow the Purchaser to negotiate, execute and deliver replacement leases for such Premises.  To that end, the Trustee and the Debtor shall be deemed to have granted to the Purchaser, its successors and assignee(s), a non-exclusive easement for access, ingress and egress over and through the Premises for all purposes, including the use, operation, maintenance and removal of the Purchased Assets.

**6. Representations and Warranties of the Trustee on behalf of the Debtor.**

(a) On behalf of the Debtor, the Trustee represents and warrants to the Purchaser, as of the date hereof, as follows:

(i) <u>Corporate Power</u>.  Upon the entry of the Approval Order by the Bankruptcy Court, the Trustee will have all requisite power and authority to execute and deliver each document and instrument to be delivered in connection with the consummation of the Sale (each, an "Other Transaction Document" and collectively, the "Other Transaction Documents")

{B0315700.2}
-3-

and to perform its obligations hereunder and thereunder. Subject to the entry of the Approval Order, this Agreement constitutes, and each Other Transaction Document when executed and delivered will constitute, the legal, valid and binding obligation of the Trustee and the Debtor, enforceable against the Trustee and the Debtor in accordance with its terms.

(ii) <u>Title to Purchased Assets</u>. As of the Closing Date and subject to the entry of the Approval Order, the Trustee will have good and marketable title to the Purchased Assets, free and clear of liens, claims and encumbrances.

(iii) <u>Legal Proceedings</u>. Except for Debtor's bankruptcy case pending before the Bankruptcy Court, there is no judicial, administrative or arbitral action, suit or proceeding, public or private, pending in which the Debtor is a party or, to the Knowledge of the Trustee, threatened against the Debtor. For purposes of this Agreement, the term "Knowledge of the Trustee" means the actual knowledge of Trustee.

(iv) <u>No Broker</u>. Except for those persons whose fees and expenses shall be the sole responsibility of the Trustee, no person, firm, corporation or other entity has acted directly or indirectly as a broker, finder or financial adviser for the Trustee or the Debtor in connection with the Sale, and no person, firm, corporation or other entity other than West Auctions, Inc. is entitled to any fee, commission or like payment in respect thereof, based in any way on any agreement, arrangement or understanding made by or on behalf of the Trustee or the Debtor.

(b) OTHER THAN AS SET FORTH IN THIS AGREEMENT, PURCHASER AGREES THAT NO REPRESENTATIONS OR WARRANTIES BY OR ON BEHALF OF THE DEBTOR OR THE TRUSTEE HAVE BEEN MADE TO PURCHASER AS TO THE PENNSYLVANIA, OHIO AND CALIFORNIA OPERATIONS OR THE PURCHASED ASSETS, INCLUDING, WITHOUT LIMITATION, THE CONDITION OF ANY REAL PROPERTY AND THE BUILDINGS AND STRUCTURES LOCATED THEREON, THE CONDITION OF THE PERSONAL PROPERTY, THE ENVIRONMENTAL CONDITIONS PRESENT AT THE REAL PROPERTY, THE SOIL CONDITIONS PRESENT AT THE REAL PROPERTY, ANY RESTRICTIONS RELATED TO THE DEVELOPMENT OF THE REAL PROPERTY, THE APPLICABILITY OF ANY GOVERNMENTAL REQUIREMENTS, ENVIRONMENTAL LAWS OR ENVIRONMENTAL REGULATIONS PERTAINING TO THE REAL PROPERTY, OR THE SUITABILITY OF THE PURCHASED ASSETS FOR ANY PURPOSE WHATSOEVER; AND THAT EXCEPT AS SET FORTH THIS AGREEMENT, PURCHASER IS BUYING THE PURCHASED ASSETS "AS IS, WHERE IS" AND "WITH ALL FAULTS". PURCHASER REPRESENTS TO THE DEBTOR AND THE TRUSTEE THAT THE PURCHASER HAS MADE ITS OWN INDEPENDENT INVESTIGATION OF THE PURCHASED ASSETS AND IS RELYING SOLELY ON SUCH INDEPENDENT INVESTIGATION IN MAKING ITS DECISION TO ACQUIRE THE PURCHASED ASSETS.

7. **Representations and Warranties of Purchaser.** Purchaser represents and warrants to the Trustee, as of the date hereof, as follows:

{B0315700.2}    -4-

Case 5:10-bk-07862-RNO    Doc 166-4    Filed 12/17/10    Entered 12/17/10 16:24:20
Desc Exhibit D- Asset Purchase Agreement    Page 4 of 12

(a) <u>Organization and Authority</u>.  Purchaser is a [_____] duly organized, validly existing and in good standing under the laws of the State of [_____]. Purchaser has full corporate power and authority to own, lease and operate its assets, properties and rights and to carry on its business as it is expected to be conducted.

(b) <u>Power</u>.  Purchaser has all requisite power and authority to execute and deliver this Agreement and each Other Transaction Document and to perform its obligations hereunder and thereunder.  The execution, delivery and performance by Purchaser of this Agreement and each Other Transaction Document has been duly authorized by all necessary action on the part of Purchaser.  This Agreement constitutes, and each Other Transaction Document when executed and delivered will constitute, the legal, valid and binding obligation of Purchaser, enforceable against Purchaser in accordance with its terms.

(c) <u>Legal Proceedings</u>.  There is no judicial, administrative or arbitral action, suit or proceeding, public or private, pending in which the Purchaser is a party or, to the Knowledge of Purchaser, threatened against Purchaser.  For purposes of this Agreement, the term "Knowledge of Purchaser" means the actual knowledge of the officer of the Purchaser executing this Agreement.

(d) <u>No Broker</u>.  Except for those persons whose fees and expenses shall be the sole responsibility of the Purchaser, no person, firm, corporation or other entity has acted directly or indirectly as a broker, finder or financial adviser for the Purchaser in connection with the Transactions, and no person, firm, corporation or other entity is entitled to any fee, commission or like payment in respect thereof, based in any way on any agreement, arrangement or understanding made by or on behalf of Purchaser.

(e) <u>Sources of Financing</u>.  The Purchaser has available to it sufficient cash resources, a firm, unconditional equity commitment and/or a firm, unconditional financing commitment in an aggregate amount not less than the aggregate Cash Consideration to be paid by Purchaser pursuant to this Agreement.

**8. Covenants of the Seller and the Purchaser.**

(a) <u>Bankruptcy Actions</u>.  As soon as practicable following the execution and delivery of this Agreement by the Purchaser and the Trustee, the Trustee shall take all steps necessary to obtain the entry of an order in a form reasonably acceptable to Purchaser and its counsel (the "Approval Order") approving this Agreement, the Trustee's and the Debtor's performance hereunder and the sale of the Purchased Assets to the Purchaser pursuant to Section 363(b)(1) of the Bankruptcy Code, free and clear of all liens, claims, interests and encumbrances, and the treatment of the Purchaser as a purchaser in good faith under Section 363(m) of the Bankruptcy Code.  The Seller and the Trustee shall use reasonable good faith efforts to obtain the entry by the Bankruptcy Court of the Approval Order at the hearing scheduled for such purpose on January 21, 2011.

(b) <u>Further Assurances</u>.  Before and after the Closing, each party shall execute and deliver such instruments and take such other actions as the other may reasonably request for

the purpose of carrying out the intent of this Agreement and the Other Transaction Documents. Each party shall use its best efforts to cause the Transactions to be consummated, and, without limiting the generality of the foregoing, to obtain all consents and authorizations of government agencies and third parties and to make all filings with and give all notices to government agencies and third parties that may be necessary or reasonably required to effect the Transactions.

(c) <u>Exclusive Dealing</u>. After the date of this Agreement and until the earlier of (i) the Closing, and (ii) the termination of this Agreement pursuant to Section 12, the Trustee and the Debtor shall deal exclusively with Purchaser with respect to the Sale and shall not solicit, encourage or entertain offers of inquiry from third parties with respect to transactions of a nature similar to the Sale.

**9. Conditions to Purchaser's Obligations.** The obligation of Purchaser under this Agreement to deliver the Cash Consideration and to execute and deliver the Other Transaction Documents on the Closing Date shall be subject to the satisfaction (or waiver, in writing, by Purchaser) of each of the following conditions:

(a) <u>No Damage or Destruction of Purchased Assets</u>. No material portion of the Purchased Assets shall have been damaged, destroyed or taken by condemnation, whether or not covered by any insurance policy, after the date of this Agreement and before the Closing Date.

(b) <u>Consents</u>. All filings with and consents from government agencies and third parties required to consummate the Sale shall have been made or obtained.

(c) <u>Closing Deliveries</u>. The Trustee shall have executed and delivered or caused to be delivered to the Purchaser at the Closing the following documents and instruments:

(i) a bill of sale for the Personal Property (the "Bill of Sale"), duly executed by Trustee on behalf of the Debtor; and

(ii) such other documents, instruments or certificates as shall be reasonably requested by the Purchaser or its counsel.

**10. Conditions to Obligations of the Trustee.** The obligations of Trustee under this Agreement to execute and deliver the Other Transaction Documents on the Closing Date shall be subject to the satisfaction (or waiver, in writing, by Seller) of each of the following conditions:

(a) <u>Representations and Warranties True</u>. The representations and warranties of the Purchaser contained in this Agreement and in the Other Transaction Documents shall be true and correct as of the Closing Date.

(b) <u>Performance of Undertakings</u>. The Purchaser shall have performed and complied in all material respects with all agreements, obligations and conditions required by this

{B0315700.2}   -6-

Case 5:10-bk-07862-RNO   Doc 166-4   Filed 12/17/10   Entered 12/17/10 16:24:20
Desc Exhibit D- Asset Purchase Agreement   Page 6 of 12

Agreement or any Other Transaction Document to be performed or complied with by it on or before the Closing Date.

(c) <u>Consents</u>.  All filings with and consents from government agencies and third parties required to consummate the Sale shall have been made or obtained.

(d) <u>Closing Deliveries</u>.

(i) The Purchaser shall have paid the Cash Consideration to the Trustee; and

(ii) The Purchaser shall have executed and delivered such other documents, instruments or certificates as shall be reasonably requested by the Trustee or its counsel.

**11. Conditions to Both Parties' Obligations.** The obligations of the Trustee, on the one hand, and Purchaser, on the other hand, under this Agreement to consummate the Sale on the Closing Date shall be subject to satisfaction of each of the following conditions, none of which may be waived by either party:

(a) The Bankruptcy Court shall have entered the Approval Order;

(b) The Approval Order shall have become a Final Order. For purposes of this Agreement, the term "Final Order" shall mean that (i) the implementation or operation of the order shall not have been stayed, and (ii) the time to appeal, petition for certiorari or move for reargument or rehearing shall have expired, and no appeal, petition for certiorari or motion for reargument or rehearing shall then be pending or, in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order shall have been determined by the highest court to which such order was appealed, or certiorari, reargument or rehearing was sought, shall have been denied and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired; and

(c) No judicial, administrative or arbitral action, suit or proceeding shall have been commenced, the purpose of which is, or which might result in, preventing the consummation of the sale of the Purchased Assets to the Purchaser.

**12. Termination.**

(a) <u>Termination Events</u>.  This Agreement may be terminated at any time before the Closing Date by any of the following:

(i) by the written agreement of the Trustee and the Purchaser;

(ii) at the election of the Trustee if any condition set forth in Section 10 of this Agreement is not satisfied or becomes incapable of fulfillment and is not waived by the Trustee;

Case 5:10-bk-07862-RNO    Doc 166-4    Filed 12/17/10    Entered 12/17/10 16:24:20    Desc Exhibit D- Asset Purchase Agreement    Page 7 of 12

(iii) at the election of the Purchaser if any condition set forth in Section 9 of this Agreement is not satisfied or becomes incapable of fulfillment and is not waived by the Purchaser;

(iv) by either party if the Bankruptcy Court does not enter the Approval Order on or before February 21, 2011;

(v) by either party if the Approval Order does not become a Final Order on or before March 21, 2011; or

(vi) by either party if any judicial, administrative or arbitral action, suit or proceeding shall have been commenced, the purpose of which is, or which might result in, preventing the consummation of the sale of the Purchased Assets to the Purchaser.

(b) <u>Effect of Termination</u>. Except as provided below, in the event of termination as provided above, the Trustee shall return the Deposit to the Purchaser, and all further obligations of the Trustee and the Debtor to the Purchaser, and of the Purchaser to the Trustee and the Debtor, under this Agreement shall terminate without further liability of the Purchaser, the Trustee or the Debtor. Nevertheless, anything in this Agreement to the contrary notwithstanding, if any of the conditions to the respective obligations of the Purchaser or the Trustee specified in Sections 9 or 10 have not been satisfied, the Purchaser or the Trustee, as the case may be, in addition to any other rights which may be available to it, shall have the right to waive such conditions, to the extent permitted by applicable law, and to proceed with, and to require the other party hereto (subject to the satisfaction of the respective conditions of its obligations under Sections 9 or 10, as the case may be) to proceed with the Closing and the consummation of the Sale.

(c) <u>Termination Caused by Breach by Purchaser or Failure of Certain Conditions</u>. In the event that this Agreement is terminated by the Trustee by reason of a breach thereof by Purchaser, or by the Purchaser's failure to meet a condition set forth in Section 10 over which it has control, the Trustee shall be deemed to have waived any claim for loss of bargain and shall be entitled to retain the Deposit in full as liquidated damages and not as a penalty. In such event, the Purchaser shall stand relieved of any further liability to the Trustee or the Debtor.

**13. Miscellaneous.**

(a) <u>Entire Agreement</u>. This Agreement, together with all Exhibits and Schedules attached hereto, and the Other Transaction Documents, constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior oral and written agreements between the parties with respect to the subject matter hereof.

(b) <u>Governing Law</u>. This Agreement shall be construed and enforced in accordance with, and shall be governed by, the laws of the Commonwealth of Pennsylvania without regard to the conflicts of law provisions thereof.

{B0315700.2} -8-

Case 5:10-bk-07862-RNO    Doc 166-4    Filed 12/17/10    Entered 12/17/10 16:24:20    Desc Exhibit D- Asset Purchase Agreement    Page 8 of 12

(c) <u>Severability</u>.  In the event that any provision of this Agreement shall be determined by a court of competent jurisdiction to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby, so long as the remaining provisions do not fundamentally alter the relations between the parties.

(d) <u>Expenses</u>.  Each of the parties shall bear its own expenses (including, without limitation, fees and disbursements of counsel, accountants and experts) incurred by it in connection with the preparation, negotiation, execution, delivery and performance of this Agreement and the Other Transaction Documents.

(e) Notices.  All notices, requests and other communications to either party shall be in writing and shall be given by certified mail, return receipt requested, or by recognized overnight courier service, to a party at the following address, or to such other address as such party may have specified by notice given to the other party pursuant to this provision:

>If to the Trustee, to:
>
>William G. Schwab, Esquire
>811 Blakeslee Boulevard Drive East
>P.O. Box 56
>Lehighton, PA 18236
>
>If to Purchaser, to:
>
>
>With a copy to:

(f) <u>Binding Effect; Beneficiaries; Assignment</u>.  This Agreement shall be binding upon and shall inure to the benefit of the parties and their successors and permitted assigns.  Nothing in this Agreement shall create or be deemed to create any third party beneficiary rights in any person not a party to this Agreement.  No party may transfer any of its rights or obligations under this Agreement without the express, written consent of the other party, and any such attempted transfer in violation of this Section shall be null and void.

(g) <u>Amendments</u>.  This Agreement may be amended, supplemented or modified only pursuant to a written instrument making specific reference to this Agreement signed by both of the parties hereto.  Any provision of this Agreement may be waived only pursuant to a written instrument making specific reference to this Agreement signed by the party or parties entitled to waive the applicable provision.

(h) <u>Waiver</u>.  No failure or delay by either party in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise

{B0315700.2}   -9-

Case 5:10-bk-07862-RNO   Doc 166-4   Filed 12/17/10   Entered 12/17/10 16:24:20   Desc Exhibit D- Asset Purchase Agreement   Page 9 of 12

thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege.

        (i)    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

        (j)    <u>No Presumption</u>.  This Agreement shall be construed without regard to any presumption or rule requiring construction or interpretation against the party drafting or causing any instrument to be drafted.

[The remainder of this page is left blank intentionally.]

{B0315700.2}  -10-

Case 5:10-bk-07862-RNO    Doc 166-4    Filed 12/17/10    Entered 12/17/10 16:24:20
Desc Exhibit D- Asset Purchase Agreement    Page 10 of 12

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

TRUSTEE :

_____
William G. Schwab, Esquire, as
Chapter 7 Trustee of the estate of
Excel Storage Products, L.P.

PURCHASER:

[_____]


By:_____
Name:_____
Title:_____

{B0315700.2}    -11-

Case 5:10-bk-07862-RNO    Doc 166-4    Filed 12/17/10    Entered 12/17/10 16:24:20
      Desc Exhibit D- Asset Purchase Agreement    Page 11 of 12

# SCHEDULE 1(a)

# Personal Property

[See attached]

{B0315700.2}

Case 5:10-bk-07862-RNO    Doc 166-4    Filed 12/17/10    Entered 12/17/10 16:24:20
Desc Exhibit D- Asset Purchase Agreement    Page 12 of 12