UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: EXCEL STORAGE PRODUCTS, LP, | : | Chapter 7 |
| Debtor | : | Case No. 5-10-07862 |

| | |
|---|---|
| **WILLIAM G. SCHWAB**, Trustee for the Estate of Excel Storage Products, LP, | : |
| Movant | : |
| vs. | : |
| **INTERNAL REVENUE SERVICE** and **PA DEPARTMENT OF REVENUE**, | : |
| Respondents | : |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE TO OAK POINT PARTNERS, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

AND NOW COMES, William G. Schwab, not individually, but solely as Chapter 7 Trustee ("Trustee") for the estate of Excel Storage Products, LP (the "Debtor"), and requests the entry of an order, pursuant to 11 U.S.C. §§ 105 and 363, approving the sale of certain assets of the Debtor's estate to Oak Point Partners, Inc. ("Oak Point") and related relief (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are §§ 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local

Rules of Bankruptcy Practice and Procedure.

## Background

3. On September 27, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On or about October 12, 2010, the Debtor's case was converted to a case under chapter 7. Shortly thereafter, the Trustee was appointed.

5. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the estate's assets is realized, which efforts include pursuing the sale of any remaining assets.

6. The Trustee has determined that there may exist property of the Debtor's estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, transferred, encumbered, or otherwise administered (collectively, the "Remnant Assets"). The Trustee has similarly determined that the cost of his pursuit of these Remnant Assets will likely exceed the benefit that the estate would possibly receive.

7. The Trustee conferred with Oak Point about purchasing the Remnant Assets, and the parties were able to agree to the terms for a sale of the Remnant Assets. A true and correct copy of the Purchase Agreement and Assignment of Claims and Interests (the "Purchase Agreement") is attached as **Exhibit A** to the proposed form of order submitted with the Motion.

8. In accordance with the Purchase Agreement, the Remnant Assets expressly exclude: (a) all cash held by the Debtor's estate Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price (defined below).

9. The Purchase Agreement generally provides that Oak Point shall pay Three Thousand Dollars Five Hundred and No/100 Dollars ($3,500.00) (the "Purchase Price").

10. In the Trustee's business judgment, the Purchase Price represents a fair and

reasonable sale price for such assets and the highest and best offer for the sale of the Remnant Assets. The Trustee contends that the sale of the Remnant Assets in accordance with the terms of the Purchase Agreement serves the best interests of the Debtor's estate and all creditors, and as such, should be approved.

**Relief Requested**

11.  By this Motion, the Trustee seeks the entry of an order pursuant to §§ 105 and 363(b), (f), and (m) of the Bankruptcy Code authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances to Oak Point.

12.  Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) and *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143 (3d Cir. 1986 ) (requiring good faith purchasing). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13.  Courts within the Third Circuit have held that transactions should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1986); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval

of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith."). The Trustee herein submits that the Purchase Price is reasonable, for fair value and negotiated at arm's length.

14. Courts have uniformly held that approval of a proposed sale of property pursuant to Section 363(b) is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor. *See Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991). A debtor's showing of sound business justification, or as in this case the Trustee's showing, need not be unduly exhaustive; instead the debtor or trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

15. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of the debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992). The Trustee believes that the Purchase Agreement represents a prudent and proper exercise of business judgment and is in the best interest of creditors of the Debtor's estate.

16. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986); *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Vanguard Oil*

*& Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

17. Section 363(f) of the Bankruptcy Code permits the Trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, subject to the rights and defenses of the Debtor with respect thereto. As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

18. Based on the foregoing, the Trustee submits that the sale of the Remnant Assets is a prudent exercise of his business judgment under the circumstances and is in the best interests of the Debtor's estate and their creditors. Therefore, the Motion should be approved.

## Waiver of Stay of Order

19. To successfully implement the Purchase Agreement, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

## Notice

20. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that this Court determine that such notice is adequate and that other and further notice be waived.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order authorizing and approving the sale of the Remnant Assets to Oak Point free and clear of all liens, claims, interests and encumbrances, in accordance with the Purchas Agreement, waiving the fourteen-day

stay under Bankruptcy Rule 6004(h), and granting such other relief as the Court deems just and proper.

Date: March 10, 2015　　　　　　　　　WILLIAM G. SCHWAB & ASSOCIATES:

　　　　　　　　　　　　　　　　　　　By: /s/: William G. Schwab
　　　　　　　　　　　　　　　　　　　WILLIAM G. SCHWAB, ESQUIRE
　　　　　　　　　　　　　　　　　　　Attorney for Trustee
　　　　　　　　　　　　　　　　　　　Attorney I.D. 23081
　　　　　　　　　　　　　　　　　　　811 Blakeslee Blvd. Drive East
　　　　　　　　　　　　　　　　　　　P.O. Box 56, Lehighton, PA 18235
　　　　　　　　　　　　　　　　　　　(610) 377-5200, (610) 377-5209 (FAX)
　　　　　　　　　　　　　　　　　　　schwab@uslawcenter.com

3-10-15.era.Excel-18100-2.177